**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JESSE ROY REDMOND,

    Petitioner,

    v.

JOSEPH V. SMITH, Warden,

    Respondent.

CIVIL ACTION NO. 3:05-CV-0760

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court are Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 10-1) and Redmond's Objections to the Magistrate Judge's Report and Recommendation (Doc. 11). For the reasons set forth below, Redmond's Objections will be overruled, and the Court will adopt the Report and Recommendation.

**BACKGROUND**

The Petitioner was convicted in the Superior Court of the District of Columbia of first degree sexual assault. *Redmond v. United States,* 829 A.2d 229, 230 (D.C. 2003). On December 5, 1996, the Petitioner was sentenced to a term of imprisonment of 15 years to life. (Doc. 1 at ¶ 4.) The Petitioner is presently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, and is challenging his conviction.

On April 15, 2005, the Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 12, 2005, the Respondent filed a response to the petition for a writ of habeas corpus. On May 23, 2005, the Petitioner filed a reply to the Respondent's response. On June 13, 2005, the Report and Recommendation of Magistrate

Judge Smyser was issued. On June 29, 2005, Objections to the Report and Recommendation (Doc. 11) were submitted. Finally, on July 18, 2005, the Respondent's Brief in Opposition to Petitioner's Objection was filed.

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions of the report for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

The argument raised by Petitioner in this case is that the §23-110 remedy is inadequate or ineffective for Redmond's claim for ineffective assistance of appellate counsel. In his Objections to the Report and Recommendation, Petitioner takes issue with the Magistrate Judge's decision that Petitioner had not yet exhausted all local options and expresses doubt that one such option, a motion to recall the District of Columbia Court of Appeals mandate, would provide for an adequate and effective remedy.

The primary case relied on by the Petitioner is *Streater v. Jackson*, 691 F.2d 1026 (D.C. Cir. 1982). In that case, the United States District Court for the District of Columbia dismissed Streater's petition, reasoning that Streater had failed to exhaust local remedies since he could seek relief in Superior Court under D.C.Code §16-1901, which allows for petitions to be submitted to the Superior Court for writs of habeas corpus. The United States Court of Appeals for the District of Columbia then reversed the District Court on the grounds that the District of Columbia Court of Appeals had already foreclosed any remedy because the trial court was not positioned to review proceedings in a court of appeals. The case was then remanded to the District Court with instruction to wait until the D.C. Court of Appeals had recalled its mandate and had issued a cogent ruling concerning local relief. The D.C. Court of Appeals granted Streater's motion to reopen his direct appeal, and the District Court dismissed his habeas petition as moot.

In this case, Petitioner draws a parallel between his situation and Streater's. What ultimately must be decided then is whether Petitioner is required to exhaust local

3

remedies, such as a motion to recall the District of Columbia Court of Appeals mandate, if such a remedy would be adequate and effective. Applying the rationale used by the United States Court of Appeals for the District of Columbia in *Streater*, it becomes clear that the lack of any local remedy in that case was central to their decision. The *Streater* Court states that "[t]he D.C. Court of Appeals has clarified that the Superior Court may not proceed under D.C. Code §23-110 to "review appellate proceedings," but it has not enlightened Streater as to the remedy, if any, still open to him in the local courts." *Streater,* 691 F.2d at 1028. It goes on to say that "[w]ith a cogent ruling from the D.C. Court of Appeals concerning local relief, if any, for Streater, the District Court will be in a position to rule intelligently on his federal petition for habeas corpus." *Id*.

In the case at hand, a local remedy does exist that would be adequate and effective. As such, the circumstances that led to the decision in *Streater* do not exist here. Petitioner has a procedure available to him, and should not be allowed to proceed with his habeas petition. Federal courts should be called in to interfere with state courts only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Ex parte Hawk*, 321 U.S. 114, 117 (1944). No such exceptional circumstances exist here.

## CONCLUSION

For the reasons set forth above, the Court will adopt Magistrate Judge J. Andrew Smyser's Report and Recommendation.

An appropriate Order follows.

<u>September 7, 2006</u>  /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE ROY REDMOND,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH V. SMITH, Warden,<br><br>Respondent. | CIVIL ACTION NO. 3:05-CV-0760<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW,** this 7th day of September, 2006, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 10-1) for plain error of manifest injustice, **IT IS HEREBY ORDERED THAT**:

(1)   The Report and Recommendation is hereby **ADOPTED**.

(2)   The Petitioner's case is **DISMISSED**.

(3)   The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge